IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOE MARTINEZ and MARIE
MARTINEZ, individually, and
on behalf of their son, Glen Martinez.

        Plaintiffs,

v.                              No. CIV 04-737 MCA/LFG

ESPANOLA PUBLIC SCHOOLS, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

### Introduction

THIS MATTER is before the Court on Plaintiffs' "Affirmative Motion *In Limine* to Establish Compliance with Expert Disclosures Pursuant to Federal Rule 26(a)(2) and to Compel Counsel to Confer in Good Faith Pursuant to Federal Rule 37(a)(2)(A) and Memorandum in Support Thereof," filed March 22, 2006 [Doc. No. 72] and "Defendants' Motion for Extension of Time to Disclose Expert Witnesses and to conduct a Rule 35 Exam," filed April 6, 2006 [Doc. No. 76]. Both motions are fully briefed [Doc. Nos. 77, 81, 79, 84].[1] The Court determines that there is no need for a motion hearing on either matter. After careful consideration of the pleadings, attachments and pertinent law, the Court concludes that both motions should be denied. The Court's reasoning follows.

---

[1]Defendants' reply in support of their motion for extension was filed April 28, 2006 and was not assigned a docketing number as of the time this opinion was issued.

1

**Factual Background**

Plaintiffs' complaint against Defendants asserts claims for discrimination and retaliation on the basis of Plaintiff G.M's multiple disabilities.  [Doc. No. 16, IPTR.]  According to Plaintiffs, G.M. has Down Syndrome, an autism spectrum disorder, severe speech and language and communication deficits and fine and gross motor skills.  G.M. attended Española Public Schools from kindergarten until the spring of 2001 when G.M. was 19 years old.  [Id., Plaintiffs' Contentions.]  Plaintiffs assert *inter alia* that G.M. was determined to be disabled and eligible for special education during the entire time he attended Española Public Schools, but that he was denied a free appropriate public education in accordance with federal law, not provided with any meaningful education opportunity, isolated from his peers, physically restrained, and routinely excluded from school.  Specifically, Plaintiffs allege violations of Section 504 of the Rehabilitation Act, the Americans with Disabilities Act, and his Fourth and Fourteenth Amendment rights.  [Id.]

Plaintiffs further assert that they exhausted all administrative remedies available to them.  They filed a due process hearing request, and a hearing was conducted by an administrative hearing officer. As a result of that hearing, Plaintiffs prevailed on claims that G.M. was denied a free appropriate public education under the Individuals with Disabilities Education Act, 20 U.S.C. § 1401.  [Id.]  In addition, Plaintiffs filed an administrative appeal that was decided favorably for them with respect to claims brought under Section 504 of the Rehabilitation Act for a period of ten years.  [Id.]

Defendants contend that the Española Public School District provided G.M. with a free appropriate public education and deny that they discriminated against G.M. on the basis of any disabilities.  Defendants further assert that the due process hearing and administrative appeal officers misinterpreted and misapplied controlling law and exceeded their authority.  Defendants' position is

that Plaintiffs' lawsuit "is nothing more than a tort action for educational malpractice couched in terms of statutory and constitutional violations." [Doc. No. 16, Defendants' Contentions.]

## Procedural Summary

On June 30, 2004, Plaintiffs filed their initial Complaint for Damages against Defendants in federal court. [Doc. No. 1.] On October 25, 2004, Plaintiffs filed a First Amended Complaint, and on March 30, 2005, a Second Amended Complaint. [Doc. Nos. 5, 14.] A jury trial was initially scheduled on February 14, 2006. [Doc. No. 16.] Discovery ensued. On June 3, 2005, Plaintiffs filed an unopposed motion to extend deadlines for making the expert disclosures. [Doc. No. 24.] The Court entered an Order [Doc. No. 29] granting the motion, with the result that Plaintiffs received an additional 30-day period to identify experts and Defendants received an additional 30 days to identify their experts. [July 15, 2005 for Plaintiffs; August 11, 2005 for Defendants.]

On June 10, 2005, the individual Defendants filed a motion for qualified immunity and a motion to dismiss for failure to state a claim [Doc. No. 27], along with a related Motion to Stay Discovery. [Doc. No. 28.] As required by law, the Court granted the motion to stay, thereby staying all discovery and pretrial motion deadlines until resolution of the qualified immunity motion. [Doc. Nos. 30, 31.] In December 2005, the District Court granted and denied in part the individual Defendants' motion for qualified immunity and/or motion to dismiss. The stay of discovery was lifted, and the February 2006 trial was re-scheduled. [Doc. Nos. 44, 46.]

On January 3, 2006, the Honorable M. Christina Armijo permitted Plaintiffs to file a Third Amended Complaint and provided revised deadlines for discovery, requiring Plaintiffs' expert witness identifications and reports to be produced by February 3, 2006 and allowing Defendants thirty days from receipt of Plaintiffs' expert information before identifying their experts, etc. The discovery

deadline was April 3, 2006, the pretrial conference was set for October 3, 2006, and the trial was scheduled on November 14, 2006.  [Doc. No. 46.]

On January 12, 2006, Plaintiffs filed a Third Amended Complaint.  [Doc. No. 49.]  Discovery in this case continued.  Up until February 27, 2006, one defense firm had represented all Defendants. On February 27, 2006, defense counsel Martin R. Esquivel entered an appearance for individual Defendant Mary Agnes Martinez in the event that there was a conflict of interest among Defendants. [Doc. No. 65.]

On March 6, 2006, at the parties' request, the Court entered an Order revising some of the discovery deadlines.  [Doc. No. 68.]  Counsel for both parties advised the Court that additional time was needed due to the number of depositions that were to be taken in this case and scheduling difficulties.  Thus, the parties jointly requested a 30-day extension of all case management deadlines. [Doc. No. 68.]  Because the requested extensions generally did not impact the presiding judge's ability to consider, analyze and decide  potentially dispositive motions prior to the pretrial conference setting, this Court granted the joint request.

Thus, the revised discovery deadline is May 3, 2006.  Motions relating to discovery have to be filed by May 24, 2006, and the substantive motion filing deadline is June 15, 2006.  Plaintiffs' expert witness information and reports were due by April 3, 2006.  Defendants' expert witness information and reports were due only three days later, on April 6, 2006.  While the Court generally provides Defendants with about 30 days after Plaintiffs' identification of experts, the Court was unable to do so under these circumstances since giving Defendants an additional 30 days from April 3, 2006 to identify their expert witnesses would have required a revised discovery deadline along with other revisions to case management deadlines.  However, to accommodate the parties' joint request

for extensions, the Court provided as much additional time as possible in view of previously scheduled settings for the pretrial conference and trial.  [Doc. No. 68.]

## Plaintiffs' "Affirmative Motion *In Limine*"

Plaintiffs' "affirmative motion" generally asks for relief that this Court cannot or will not grant.  Moreover, it is unclear exactly which rule of civil procedure might authorize this motion.  Indeed, the motion's request for relief is ever-shifting.  In examining the title of the motion along with some of Plaintiffs' argument, it appears that Plaintiffs ask the undersigned magistrate judge for a finding that Plaintiffs' expert reports comply with requirements of Rule 26(a)(2), thereby precluding Defendants from filing a motion to strike Plaintiffs' experts for failure to adhere to the rule's requirements.

The conclusion of Plaintiffs' opening "affirmative motion" sets forth a more specific request for relief:

> Plaintiffs request that this Court enter an order setting a deadline to file a motion to compel supplementation of previously submitted expert report disclosures within ten days of this Court's order, or waive all objections as to deficient disclosures.  In addition, Plaintiffs request that this Court also set a deadline on all parties to file motions to compel supplementation of future expert report disclosures within ten days of submission, or waive all objections as to deficient disclosures.  Finally, Plaintiffs request that this Court also order all counsel to specify their objections to deficient expert reports to the proponent of such reports, prior to moving to compel supplementation or to exclude expert testimony.

[Doc. No. 72, p. 12.]

In Plaintiffs' reply in support of the "Affirmative Motion," they revise this request for relief to some extent.

> Plaintiffs respectfully request that this Court enter an order requiring all parties to specify their objections to deficient expert reports to the proponent of such reports, and allow such proponent to cure any deficiency, prior to moving to exclude expert testimony, or in the alternative or in addition thereto, enter an affirmative order in limine that Defendants' refusal to consult with Plaintiffs in good faith prior to the deadline for the disclosure of expert testimony or the termination of discovery acts as a waiver of all technical objections to Plaintiffs' expert disclosures.  Finally, if this Motion is, as Defendants argue, premature, Plaintiffs respectfully reserve the right to present Defendants' reluctance and refusal to consult in good faith, and the resulting creation of their own harm, as a defense to any future motion to exclude Plaintiffs' experts.

[Doc. No. 81, pp. 8-9.]

Plaintiffs' "affirmative motion" is essentially an attempt to ward off a future motion by Defendants that seeks to bar Plaintiffs' experts from testifying at trial.  Plaintiffs argue that they have complied with the requirements of Rule 26(a)(2) in providing their expert disclosures for four different proposed experts.  Defendants' counsel (specifically, Attorney Esquivel for Defendant Mary Agnes Martinez) informed Plaintiffs' counsel by mail that all of their expert disclosures were inadequate or deficient and that if not corrected or amended, Defendants would file a motion requesting that Plaintiffs' experts not be allowed to testify at trial.

Plaintiffs requested defense counsel to clarify how the expert disclosures were deficient, but defense counsel opted not to explain, arguing instead, *inter alia*, that  Plaintiffs' counsel were experienced enough to recognize the obvious deficiencies.  Plaintiffs' counsel assert that Defendants should not be permitted to ambush Plaintiffs later with a motion to strike expert testimony when defense counsel refused to confer in good faith regarding what Defendants perceive to be the deficiencies in Plaintiffs' expert disclosures.

The Court understands Plaintiffs' concern.[2]  Moreover, the Court does not endorse any attorney's refusal to confer in good faith for purposes of resolving pre-trial matters thereby avoiding pleading practice and intervention by the Court.  In addition, the Court notes that the phrase "confer in good faith" means more than a cursory attempt to resolve a dispute.  *See, e.g.,* Hoelzel v. First Select Corp., 214 F.R.D. 634 (D. Colo. 2003) (to confer means more than making a demand for compliance; it means "to hold a conference; compare views; consult together").

However, the Court cannot determine, under the circumstances, that the expert disclosures meet the requirements of Rule 26, nor will it determine that Defendants waived any right to object to the experts' proposed testimony.  This type of argument is more properly reserved for pleadings related to a motion to strike the expert report or to limit the expert's proposed testimony.  In other words, the undersigned judge will not prevent Defendants from filing such a motion, nor will it predict the ruling of the court's ruling as to those matters.

With respect to other requests for relief set out in Plaintiffs' "affirmative motion," the Court refers the parties to the appropriate rules of civil procedure, pertinent case law decided in this district, and the case management deadlines already set in this case.

Regarding these issues, the Court makes the following observations.  Rule 26 requires a party to supplement  its disclosures with respect to expert testimony.  "With respect to testimony of an

---

[2]However, the Court advises counsel that the best way to avoid the predicament of facing a motion to strike proposed experts' testimony is to adhere to the clearly spelled out and mandatory requirements for expert disclosures set forth in Fed. R. Civ. P. 26(a)(2)(B).  In addition, the Court may disagree, to some extent with Plaintiffs' counsel's understanding of the Rule 26(a)(2)(B) requirements.  *See* Plaintiffs' Reply at p. 5.  If it was Plaintiffs' intent to argue Rule 26 does not require an expert's report to include a list of all publications authored in the past ten years, the compensation to be paid to the expert and a list of other cases in which the expert has testified in the preceding four years, the Court would disagree with Plaintiffs' interpretation of Rule 26.

expert from whom a report is required under subdivision (a)(2)(B) the duty [to supplement] extends both to information contained in the report and to information provided through a deposition of the expert, and any additions or other changes to this information shall by disclosed by the time the party's disclosures under Rule 26(a)(3) are due."  Fed. R. Civ. P. 26(e)(1).

The Rules do not permit "preliminary" reports followed by "final" reports.  Rather, a full and complete report is required.  Supplementation is intended to correct errors.

In Resolution Trust Corp. v. Gregory, No. CIV 94-52 MV/PJK/LFG (D.N.M. Dec. 13, 1995), the Court discussed supplementation of expert information, stating that while Rule 26(e) requires a party to supplement or correct disclosure with later acquired information, "that provision does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness report (indeed, the lawsuit) from the outset."  Id.  If a party, without substantial justification, fails to disclose information required by Rule 26(a) or 26(e), the offending party may not be permitted to use the evidence at trial, unless the party demonstrates the failure to disclose or supplement was harmless.  Fed. R. Civ. P. 26(c)(1).  Here, this Court makes no determination, nor could it, as to whether Defendants justifiably complain of "sandbagging" or whether their only complaint here concerns alleged technical deficiencies.  Nor is it clear whether technical deficiencies alone in a party's expert disclosures would require exclusion of expert testimony at trial or exclusion of previously undisclosed information.  Again, that question is left to the Court should an appropriate motion need to be filed.

The parties are reminded that Plaintiffs' deadline to submit their expert disclosures was April 3, 2006 and that discovery does not close until May 3, 2006.  Discovery motions must be filed by May 24, 2006.  According to Plaintiffs' assertions, Defendants were provided with proposed expert

Bisbee's two expert reports (the June 2005 report and the January 2006 report) before Plaintiffs' expert disclosure deadline of April 3, 2006.  To the extent that Defendants argue that they were unable to fully inquire into the June 2005 report during Ms. Bisbee's March 2006 deposition, it seems that Plaintiffs were or are willing to re-schedule Ms. Bisbee's deposition.[3]  The Court notes that there is still time to do so before the close of discovery.  In other words, while the issue is not before the undersigned judge as to whether Ms. Bisbee will be permitted to testify as an expert at trial, it appears that Plaintiffs have timely complied with the rules with respect to supplying Ms. Bisbee's earlier prepared expert report.

The same is true for proposed expert Dr. Pedrotty.  Defendants complained of the insufficiency of Pedrotty's expert report, and Plaintiffs supplied an amended expert report.  There is no evidence before the Court that the report was supplied outside Plaintiffs' deadline for producing expert disclosures.[4]  Moreover, to the extent Defendants need to re-depose Pedrotty, discovery has not yet closed.

---

[3]Plaintiffs assert that Defendants originally requested a continuation of Ms. Bisbee's deposition during that deposition because of defense counsel's need to leave early.  While Plaintiffs state they were agreeable to a continuation of the deposition, they note now that Defendants have rejected the option to continue the deposition, electing instead to move to strike Ms. Bisbee's proposed expert testimony.  [Doc. No. 81, p. 3.]  This type of maneuvering by counsel, if accurately stated, makes no sense to the Court and is not consistent with the rules of professional conduct.

[4]There does, however, seem to be argument between counsel as to when the supplemental report was supplied to Defendants.  In their response, Defendants state that the supplemental report by Pedrotty, while dated 4/3/06, was provided to defense counsel on April 4, 2006, the day after Plaintiffs' deadline for expert disclosures.  [Doc. No. 77, p. 5, ¶ 10.]  Defendants refer the Court to the supplemental report – Exhibit D to their response.  Exhibit D indicates the date of amendment was March 31, 2006, although next to Dr. Pedrotty's signature a date of 4/3/06 is handwritten.  The faxed pages of the report show a date of April 2, 2006.  Plaintiffs' reply brief states that Defendants "appear to concede that Dr. Pedrotty's timely submission of an Amended Expert Report has cured any perceived Rule 26 deficiency."  [Doc. No. 81, p. 2.]  It is difficult to determine who believes what based on these submissions.

Notwithstanding these observations by the Court, it declines to set additional or new deadlines for motions to compel supplementation of expert disclosures, nor is the Court authorized to find that Defendants have waived all or any objections to the expert materials Plaintiffs have provided. In addition, there is no need for this Court to comment on whether Plaintiffs can raise arguments about Defendants' alleged reluctance to confer in good faith. Clearly, Plaintiffs can present that argument, if appropriate, in response to a motion to strike or motion in limine.

The Court advises the parties, however, that they must comply with the rules of civil procedure that require parties to confer in good faith before filing a motion to compel disclosures required by Rule 26(a). Fed. R. Civ. P. 37(a)(2)(A). Similarly, should a party file a motion in limine to preclude an expert from testifying for failure to adequately provide or supplement expert disclosures, this Court reads the underlying spirit of the rules of civil procedure, along with the Creed of Professionalism of the New Mexico Bench and Bar[5] (adopted the federal district courts by D.N.M. LR-Civ 83.9), to impose on all parties a duty to confer in good faith before requesting the Court's attention. Attorneys may represent their clients effectively and zealously while at the same time cooperate with opposing counsel to avoid draining the financial resources of both parties' clients and to expedite the litigation.[6]

---

[5]The Creed is published on pages 145-46 of the 2005-2006 New Mexico Bench and Bar Directory.

[6]For example, with respect to Plaintiffs' "affirmative motion," the parties have provided voluminous briefing and attachments, perhaps almost one-half a ream of paper. Clearly, counsel have devoted significant hours of time to this matter which may or may not be requested as attorney's fees at a future date. The Court questions the necessity of this motion and the lengthy opposition to it, and believes the motion could have been avoided entirely had counsel agreed to confer with one another in good faith about the underlying disputes. All counsel are encouraged to "make reasonable efforts to expedite litigation consistent with the interests of the client" (Rule 16-302 NMRA) and to agree to making "waivers of formalities when legitimate interests of [the] client will not be adversely affected" (Creed, ¶C).

The Court notes, for example, defense counsel's letter of March 10, 2006 to Plaintiffs' attorney curious.  [Doc. No. 72, Ex. 6.]  In the letter, defense counsel Esquivel stated that none of Plaintiffs' expert reports complied with expert disclosure requirements, and yet in responding to Plaintiffs' "Affirmative Motion," Defendants discuss reports by only two of the four proposed experts.  In addition, in the March 10 letter, attorney Esquivel requires Plaintiffs to amend or supplement an expert's report by the close of March 13, 2006 (having given Plaintiffs' counsel a weekend's notice of their demand), yet Plaintiffs' deadline for submitting its expert disclosures was not until April 3, 2006.  The Court advises counsel that if they fail to cooperate in a good faith attempt to resolve disputes, they risk denial of the motion for failure to confer or attempt to confer in good faith with the opposing party, thereby demonstrating that they attempted to avoid the need for court action.

For all of the above-stated reasons, the Court declines to provide any of the relief requested by Plaintiffs in their "Affirmative Motion," and the Motion will, therefore, be denied.

## Defendants' Motion for Extension of Time

On April 6, 2006, Defendants[7] filed a motion for extension of time to disclose their expert witnesses and also a request to conduct a Rule 35 exam of Plaintiff G.M.  [Doc. No. 76.]  The motion for extension was filed on the date Defendants' expert disclosures and reports were due.

---

[7]While the Motion is identified as having been filed by all Defendants, only attorney Esquivel, counsel for Defendant Mary Agnes Martinez, signed the Motion.  [Doc. No. 76.]  The reply, however, was signed by counsel for all Defendants.  Thus, the Court considers the Motion to be a request on behalf of all Defendants.

A.      *Motion for Extension of Time to Disclose Expert Reports*

Defendants provide a number of reasons in the attempt to justify their motion for extension of time, arguing that there is good cause for granting the request.  For example, Defendants state that their expert disclosure deadline was only 3 days after the deadline of Plaintiffs' expert disclosure deadline and that typically, Defendants receive 30 days after Plaintiffs' deadline.  The Court has explained *supra* why this occurred, i.e., because of the parties' previous joint request for extensions of time.  The Court made every effort to accommodate the parties' prior request, but could not provide Defendants thirty days after Plaintiffs' expert disclosure deadline because it would have required this Court to have changed discovery and other case management deadlines, with the Court was unable to do.

In support of their motion, Defendants also state that Plaintiffs filed a Third Amended Complaint in January 2006 and that Plaintiffs disclosed four expert witnesses (in a timely manner), but that two of the depositions had to be postponed due to a family emergency for defense counsel Esquivel.  In addition, Defendants state that Plaintiffs' proposed expert Bisbee supplied another expert report (before or by Plaintiffs' expert disclosure deadline) and that while Defendants originally located a psychology expert witness in March 2006, the expert would not agree to accept the case because of time constraints and the need to review voluminous documentation.  As additional support for their motion, Defendants note that Plaintiffs identified a fifth expert (by Plaintiffs' disclosure deadline of April 3, 2006), and that Defendants did not oppose Plaintiffs' earlier motion for extension of time for disclosure of expert witnesses (in June 2005).[8]  Defendants further argue that the case is

_____

[8]Defendants were also provided with additional time with respect to the earlier request for an extension.

12

complicated and that allowing Defendants thirty additional days to disclose an expert witness will not adversely affect pretrial deadlines or prejudice Plaintiff.

The Court disagrees that permitting 30 additional days for Defendants to supply expert reports would not adversely impact pretrial deadlines. If Defendants were given a new deadline of May 8, 2006 (Monday) to submit their expert reports, this date would fall outside the discovery deadline, and the extension would, by necessity, require the Court to permit depositions of Defendants' experts at some point after May 8, 2006. Further, upon receipt of Defendants' expert report, Plaintiffs may seek to designate a counter expert requiring even more time and more discovery. Indeed, in scheduling any additional depositions that may be required, more time would be needed to properly notice the depositions in accordance with the District's local rules. In providing such extensions, the motion filing deadlines would be affected, and the District Court would not have the time it needs and requires for resolving substantive motions,[9] should any be filed, before the date of the pretrial conference.

In addition, Defendants provide no explanation why they waited until the day their expert disclosures were due before filing a motion for extension of time. This case has been ongoing since the filing of the original complaint in June 2004. The essence of the dispute was known as early as that date, even though Plaintiffs filed a number of amended complaints. Moreover, the complexity of the claims, to the extent they are complex, was known early on. Indeed, this case involved an administrative proceeding even earlier than June 2004, and Defendants were in possession of the administrative transcripts and decisions as early as June 2004. In view of the procedural history of

---

[9]The trial court requires a minimum of 90 days from the motion filing deadline prior to the pretrial conference to consider, analyze, and decide potentially dispositive motions.

13

this case, Defendants cannot complain in April 2006 that they did not understand the issues or need for expert testimony, regardless of when Plaintiffs identified their fifth expert. This is particularly true, when Plaintiffs identified four of five experts in February 2006 (an earlier set deadline that was revised), well before the amended April 3, 2006 deadline.

The fact that Plaintiffs filed the last amended complaint in January 2006 does not explain why Defendants delayed in locating their own experts or why they were unable to meet their expert disclosure deadline. Moreover, none of the other reasons provided by Defendants justify their non-compliance. The Court acknowledges that family emergencies related to health concerns affected some deadlines, but notes that there were other defense attorneys in this case who were aware of Defendants' expert deadline and who were involved in this litigation from its inception. The absence of one attorney due understandable circumstances should not have brought this case to a halt.

In Defendants' reply, they state that the two newly proposed defense experts, *see* fn. 10 *infra*, could be deposed by the end of May, thereby allowing the parties two weeks to prepare dispositive motions by the previous dispositive motion filing deadline of June 15, 2006. In essence, Defendants ask the Court to extend discovery for another month, which would affect the discovery motion deadline of May 24, 2006. Moreover, the Court is unpersuaded that the request for extension would not lead to additional requests for extensions. Ultimately, the case management deadlines would be impacted.

Defendants additionally argue in the reply that Plaintiffs' 45-page Third Amended Complaint justifies the request for extension of time. Yet, Defendants have known about the 45 pages of allegations since January 2006. Defendants also state the case "is complicated and deals with an unusually large amount of documents and health care providers, many of whom were not properly."

[sic] [Defendants' Reply, p. 5.]  The complexity of the case and voluminous documents are not a newly sprung surprise.  And, the allegations summarized by Defendants in the reply also are not news. If it was a "crucial defense" for Defendants to provide expert testimony, Defendants should have undertaken this task before April 6, 2006, with an eye towards just how critical expert testimony was in the defense of their case.

Here, the Court determines that Defendants did not provide good cause to justify granting their request for a 30-day extension of time to provide expert disclosures, primarily because the request would impact case management deadlines that cannot be modified at this late date. Moreover, Defendants neither demonstrated what attempts they diligently undertook to meet the April 6, 2006 deadline nor adequate reasons for their failure to meet that deadline.  Thus, their request for the extension will be denied.[10]

B.    **_Motion for Extension of Time to Conduct Rule 35 Exam of Plaintiff G.M._**

If Defendants had timely requested authority from the Court to conduct a Rule 35 exam of Plaintiff G.M., that request would likely have been granted.  Rule 35(a) provides the following:

> When the mental or physical condition . . . of a party or of a person in the custody or under the legal control of a party, is in controversy, the court in which the action is pending may order the party to submit to

---

[10]The Court observes that on April 21, 2006, about two weeks after their deadline, Defendants, without Court approval, designated the names of two expert witnesses.  [Doc. No. 80, Certificate of Service.]  In the Certificate of Service, Defendants stated they were submitting the required expert reports contemporaneously with the filing of the Certificate of Service.  Five days later, Defendants filed an amended certificate of service, noting that they would provide the expert reports once the reports were available and indicating further that only the curriculum vitas of the proposed experts were provided to Plaintiffs counsel, apparently on April 21, 2006.  [Doc. No. 82, April 26, 2006 Amended Certificate of Service.]  The Court has observed _supra_ that Defendants may challenge Plaintiffs' expert reports if they are not in compliance with Rule 26 requirements and that such a challenge is properly raised in a motion to strike or a motion in limine.  So, too here.  Plaintiffs may elect to challenge Defendants' proposed expert disclosures for failure to comply with appropriate deadlines.

> a physical or mental examination by a suitably licensed or certified examiner or to produce for examination the person in the party's custody or legal control.  The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

Fed. R. Civ. P. 35(a).

The problem with Defendants' request at this juncture is that it is too late.  To grant such a request would impact case management deadlines.  For essentially the same or similar reasons set forth above, the Court is unable to alter the deadlines previously imposed (and already amended).  For example, Defendants do not provide any information to the Court regarding whether they have located the suitably licensed or certified examiner who would conduct the Rule 35 exam, how soon that exam could be conducted, how many days the exam might require (e.g., such exams sometimes can require up to three days for testing, test results and interviews), or how quickly the report could be prepared and provided to Plaintiffs.[11]  Even under a "best case" scenario, to allow a Rule 35 exam of Plaintiff now would almost surely contemplate another month of proceedings related to that exam, to say nothing of the need to extend discovery deadlines to accommodate a deposition of Defendants' expert.

While the referral magistrate has discretion and has exercised that discretion in reference to case management deadlines, the magistrate may not modify pretrial conference settings or trial dates.

---

[11]In their Reply, Defendants do not provide any additional argument or evidence supporting the requirements for a Rule 35 exam.  They summarily state that "good cause does exist to extend the deadline to disclose defense experts' reports and to proceed with a Rule 35 examination which would only be applicable to the trial scheduled for November 2006."  [Reply, p. 6.]

Further, given the 90-day motion filing requirement, there is simply no time available to do what Defendants wants done at this late date.

It is clear that the belated request to conduct a Rule 35 exam, if granted, would impact case management deadlines.  The request is simply made too late in this case that has been proceeding for almost two years, even considering the stay of proceedings that was lifted in December 2005.  For these reasons, the Court denies Defendants' request for extension of time.

IT IS THEREFORE ORDERED that:

(1)    Plaintiffs' "Affirmative Motion *In Limine* to Establish Compliance with Expert Disclosures Pursuant to Federal Rule 26(a)(2) and to Compel Counsel to Confer in Good Faith Pursuant to Federal Rule 37(a)(2)(A)" [Doc. No. 72] is DENIED; and

(2)    Defendants' Motion for Extension of Time to Disclose Expert Witnesses and to conduct a Rule 35 Exam," [Doc. No. 76] is DENIED.


_____
Lorenzo F. Garcia
Chief United States Magistrate Judge