IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOE MARTINEZ and MARIE
MARTINEZ, individually, and
on behalf of their son, Glen Martinez,

        Plaintiffs,
vs.                                                    CIVIL NO.  04-737 MCA/LFG

ESPANOLA PUBLIC SCHOOLS et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING IN PART AND DENYING IN PART
## DEFENDANT EPS'S MOTION FOR PROTECTIVE ORDER

THIS MATTER came before the Court on Defendant Espanola Public Schools' Motion for Protective Order Limiting Plaintiff's 30(b)(6) Notice for Deposition Duces Tecum [Doc. 88]. The Court considered the motion together with Joe and Marie Martinez's (Plaintiffs) response and determines that oral argument is not necessary.

Defendant contends that days before the expiration of the discovery deadline, Plaintiffs filed a notice for two Fed. R. Civ. P. 30(b)(6) depositions duces tecum requesting that Defendant designate two representatives to testify on a wide range of issues. Defendant argues that there has been extensive litigation in this case, including the depositions of Jane Dickinson, Robert Romero and Mary Agnes Martinez, the special education directors and assistant director, as well as the deposition of Superintendent, David Cockerham. Defendant notes that Plaintiffs have deposed the high school principal Beverly Averitt, the assistant principal Michael Katko and former D-level teachers, Rachel Mora and Mike Van Damme.

Plaintiffs have served four sets of requests for production, with 75 individual requests, and this litigation comes on the heels of the earlier full administrative proceeding which spanned eleven days with the testimony of 24 witnesses and an administrative record of 4,300 pages.

Defendant also complains that the subpoena duces tecum seeks two representatives and Plaintiffs have already taken eight depositions. Most importantly, however, Defendant argues that the subpoena duces tecum seeks documents which were previously the subject of written discovery and, pursuant to the district's local rule, Plaintiffs were required to file a motion to compel within a specific time limit, but failed to do so. Thus, the subpoena duces tecum serves as an "end-run" around the district's local rule.

The Court first rejects Defendant's objection that the 30(b)(6) depositions were set for the day before the close of discovery. No one argues that the depositions were set without adequate notice, as prohibited by D.N.M.LR-Civ. 30.1. Indeed, if that was the case, the Defendant would have a substantial basis to object to the depositions altogether.

The Plaintiffs are free to use their allocated depositions how they choose. In this case, it appears that the notices were timely, as they have not been challenged on that basis, and the notices called for depositions prior to the conclusion of discovery. Accordingly, the Court overrules the objections relating to the taking of depositions.

The second portion of Defendant's objections, however, is a different matter. The thrust of Defendant's argument concerning the depositions duces tecum is that Plaintiffs previously sought to obtain the same information via written discovery, and EPS objected to the requests.

The district's local rule requires that a motion to compel be filed within twenty days of receipt of the objection. Plaintiffs did not move to compel production. Now, in the subpoena duces tecum, they seek to obtain the very information which was the subject of the Defendant's prior objections.

2

Plaintiffs contend that in their initial requests for discovery, they sought "all incident reports, memorandum, letters, notes, and other documents concerning injury to students placed in the D level special education classrooms at the Espanola Valley High School for the period of 1997 to the present." Plaintiffs further argue that Defendant objected to the request because, among other things, it was "ambiguous, over broad in time and space, unnecessarily intrusive on the rights of other students." Plaintiffs concede that they did not move to compel, but argue that in the months following the written discovery, they came to agree that their requests had been overly broad and sought in deposition testimony to limit their requests to injuries in the D level classrooms. They now seek documents reflecting incident or accident reports concerning

> all student and student, student and teacher, student and aid, or student and administrator accidental or intentional injuries involving special education students or students assigned to D level classrooms at Espanola High School between 1999 and 2002. Such person shall bring with him or her all documents reflecting incident or accident reports concerning such accidental or intentional injuries between 1999 to 2002.

A comparison of the documents sought by way of subpoena duces tecum show that Plaintiffs seek a subset of the same information sought in the prior written interrogatories to which Defendant objected.

This same issue was previously considered by the Court in other litigation. In <u>Galaxy Ventures, LLC v. Rosenblum</u>, CIV 03-1236 JH/LFG, the issue arose in the following context:

> Galaxy also argues that some of the requests in the subpoena are an improper attempt to circumvent discovery and motions practice. In support of its position, Galaxy asserts that Defendant served similar Rule 34 document requests (asking for allegedly private and confidential information) to which Galaxy objected and that Defendants did not contest the objection within the deadline for doing so. In other words, instead of pursuing the requested discovery by way of timely contesting Galaxy's objections in filing a motion to compel, Rosenblum instead served a subpoena on a non-party

3

>  financial institution in an attempt to make an "end run" around discovery deadlines and requirements.

(Memorandum Opinion and Order #154, p. 6).

What occurred in <u>Galaxy</u> is essentially the same as what occurred here. The party seeking discovery had an opportunity to file a motion to compel answers to their written discovery and opted not to do so. Instead, after the time for filing the motion to compel elapsed, under the district's local rule of procedure , the party sought to obtain the very same information by way of subpoena duces tecum. In <u>Galaxy</u>, the court determined:

> This question is narrowed to whether Rosenblum or Defendants waived their right to request financial information about Galaxy because they failed to timely contest Galaxy's objections to requests for production for some of the same or similar information. Local Rule 26.6 provides that a party served with objections to a document request must proceed under D.N.M.LR-Civ. 37.1 within 20 calendar days of service of an objection unless the response specifies that documents will be produced or inspection allowed. D.N.M.LR-Civ. 26.6. The failure to proceed within the 20-day period constitutes acceptance of the objection. <u>Id.</u>

(<u>Id.</u>, p. 8).

In <u>Galaxy</u>, the Court concluded that when faced with objections to written discovery, a party is required to proceed in accord with requirements of the Federal Rules of Civil Procedure. The Court found:

> Defendants consented to those objections. The Court does not order any further production by Galaxy in response to that document request, nor does it require First State Bank to respond to the subpoena document request that seeks the same financial information [from] Galaxy. Therefore, the motion to quash is granted with respect to the subpoena requests that ask for the same or similar financial information about Galaxy that RFP No. 9 sought.

(<u>Id.</u>, p. 10).

The Court takes the same course here. The information which Plaintiffs seek in the deposition and by way of the subpoena duces tecum is the very same information they sought in the written requests for production. When Defendant objected, it was incumbent on Plaintiffs to either accept the objection or, alternatively, to move to compel. D.N.M.LR-Civ 26.6  By not filing a motion to compel, Plaintiffs conceded the objection. They are now barred from obtaining the same or similar information. To allow Plaintiffs to get via the back door what they did not through the front door would violate the spirit and letter of the district's rule of procedure and would, in effect, nullify the rule's restrictions. The process would sanction a party's "end run" around the procedural rules.

The Court sustains Defendant's objections and, therefore, grants the motion for protective order insofar as it relates to the documents and testimony concerning "all student and student, student and teacher, student and aid, or student and administrator accidental or intentional injuries involving special education students or students assigned to D level classrooms at Espanola High School between 1999 and 2002."

The Defendant's Fed. R. Civ. P. 30(b)(6) deponents need not bring "all documents reflecting incidents or accident reports concerning such accidental or intentional injuries between 1999 to 2002" to the deposition, and the deponents need not testify to accidental or intentional injuries in the 1999 to 2002 time frame.

In sum, the Court grants in part and denies in part Defendant's motion for protective order.

_____
Lorenzo F. Garcia
Chief United States Magistrate Judge